## Case No. 4,784.
### FIFTY-TWO BALES OF COTTON.
[Blatchf. Pr. Cas. 309.] [1]
District Court, S. D. New York. Dec. 31, 1862.[2]

BETTS, District Judge. The cotton proceeded against in this suit was captured, July 15, 1862, in Aransas bay, Texas, on board a scow or lighter, by the United States bark Arthur, and sent into this port for adjudication, where it was libelled, October 1, 1862. The claimant intervened, and filed his claim to the property, November 3, 1863. It is useless to recapitulate in detail the facts stated in the libel and proofs, as the claim interposed and attested to by the claimant states, and substantially admits, all that is asserted by the witness of the libellants, as well as the supposed grounds or excuse for the acts done by the claimant. The evidence shows that the war and the blockade were known to the master and owner of the Monte Christo, and that she was chartered by the claimant to transport this cotton from Aransas to the port of New York. The claimant admits that he is a native and resident merchant of New York, and that he purchased the cotton in Texas, with Confederate funds, since the war and the blockade with intent to bring it from Texas north, and chartered the Monte Christo to that end. The vessel was placed in the harbor of Aransas in order to receive this cotton on board. While the cotton was in the act of being carried in flat-boats or lighters to the vessel, and before it was laden on board, it was captured by the United States, and the Monte Christo was burned.

Upon these facts, it results that the cargo was arrested while it was in the act of being exported from the enemy country in evasion of the blockade of the port. But in addition to that, the claimant, being a citizen of the United States, was disabled from obtaining a lawful ownership of the cotton, by purchasing it from the enemy in the enemy country. He was interdicted from all trade with the enemy, and the cotton remained liable to capture as enemy property, being water-borne at the time.

These points of law have been repeatedly considered and passed upon in prize suits during this war. The claimant has no legal defence to the suit. If he has any remedy,

it must be by a remission of the forfeiture of the government.

Let there be a decree of condemnation and forfeiture.

This decree was reversed, on appeal, by the circuit court [Case No. 4,785].